D&L EXCAVATING & TRUCKING, INC.,
*Appellant,*

*v.*

EDEN GATE, INC.,
*Respondent,*

*and*

Suzanne R. HURFORD,
Carolyn J. Hurford,
The Commercial Bank,
and Chiu Wing Tom aka Harvey Tom,
*Defendants.*

CV98262; A124130

144 P3d 999

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs was Case & Dusterhoff, LLP.

Christopher A. Rycewicz argued the cause for respondent. On the brief were Brian D. Chenoweth and Rycewicz & Chenoweth, LLP.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Deits, Judge pro tempore.

EDMONDS, P. J.

---

* Brewer, C. J., *vice* Wollheim, J.

**EDMONDS, P. J.**

This case is before this court for a second time. In *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 37 P3d 233 (2002) (*"Eden Gate I"*), we remanded this case to the Yamhill County Circuit Court for further proceedings after determining that the court had improperly granted summary judgment to defendant Eden Gate, Inc. (Eden Gate). On remand, the trial court granted Eden Gate's motion to dismiss the claims of plaintiff D&L Excavating & Trucking, Inc. (D&L) and awarded attorney fees to Eden Gate. For the reasons that follow, we reverse and remand.

Our opinion in *Eden Gate I* involved two cases consolidated on appeal. One of those cases was the Yamhill County case that is the subject of this appeal; the other was a case in Multnomah County between the same parties. Both cases concerned a contract between D&L and Eden Gate for D&L to decommission an underground storage tank on Eden Gate's property. In the Yamhill County case, D&L sought to foreclose a lien on Eden Gate's property in the amount of $29,173.32 for work performed under the agreement. In the Multnomah County case, Eden Gate brought claims against D&L for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence, all arising out of the performance of the excavation and removal work. Eden Gate also sought a declaratory judgment that it did not owe the additional $29,173.32 that D&L was demanding in connection with the lien on Eden Gate's property.

The Multnomah County case was litigated first. Two days after trial, the trial court issued a letter opinion stating, without further explanation:

> "The Court finds for the plaintiff [Eden Gate] on the breach of contract claim in the amount of $29,173.32. The Court finds for the defendant [D&L] on all the remaining claims."

After judgment was entered, the court issued a letter indicating that Eden Gate was the prevailing party. However, D&L believed that, because it had prevailed on Eden Gate's declaratory judgment claim, the result implied that Eden Gate in fact owed D&L money. The parties then asked the court for

clarification, and the court responded by way of a brief explanation in a letter opinion on the issue of attorney fees and costs:

> "The plaintiff prevailed on its first claim for relief (Breach of Contract). * * * The plaintiff's fourth claim for relief sought a declaratory judgment regarding the Yamhill County lien for debts outstanding. The court did not reach the validity of the lien."

Subsequently, in the Yamhill County case, both parties filed motions for summary judgment predicated on the outcome in the Multnomah County case. As we discussed in *Eden Gate I*:

> "D&L argued that, in finding *against* Eden Gate on its claim for a declaratory judgment that the lien should be dismissed, the Multnomah County court had necessarily decided that, in fact, the lien should *not* be dismissed; Eden Gate, therefore, was precluded from now arguing that it should be. Eden Gate, on the other hand, argued that, in finding *for* Eden Gate on the breach of contract claim, the Multnomah County court had necessarily decided that Eden Gate did not owe D&L any money and that D&L, therefore, was precluded from now arguing that the lien was still valid."

178 Or App at 616 (emphasis in original). As we pointed out in *Eden Gate I*, the issue was further complicated "by the fact that the Multnomah County court had awarded Eden Gate damages in the exact amount, to the penny, that D&L claimed under the lien * * *." *Id.* Consequently, D&L believed that the court had intended to create a "wash" whereby the amount of the breach would be the same amount that Eden Gate owed on the lien. *Id.*

The Yamhill County court ultimately ruled that the Multnomah County judgment precluded the lien claim. The court concluded that the finding that

> " 'D&L owed Eden Gate money on the breach of contract * * * had the effect of saying the balance was not due to D&L. This is the very issue in the case before this court. Further, with no money due D&L, there is no basis for a lien. There are no issues in this case, then, that were not

litigated and decided in the Multnomah County case. D&L is precluded from re-litigating this issue.' "

*Id.* at 617. Accordingly, the Yamhill County court granted Eden Gate's motion for summary judgment and denied D&L's motion. *Id.* D&L then appealed.

On appeal, we reversed the judgment in the Yamhill County case and remanded the case to the trial court for further proceedings.[1] With respect to the denial of D&L's motion for summary judgment, we concluded that the Multnomah County court's decision against Eden Gate on the declaratory judgment claim did not establish that D&L was *owed* money on the lien:

"In general, a decision that one party does not qualify for a declaratory judgment stating a conclusion does not invariably imply that the opposite conclusion has been proved. * * * [T]he Multnomah County decision here, in its entirety, consisted of two bare statements: 'The court finds for defendant on all remaining claims,' and 'The court expressly directs that final judgment be entered * * * for Defendant on the remaining claims.' From this record, we *could* infer that the court intended to award Eden Gate $29,173.32 in damages and permit D&L to recoup that exact amount by foreclosing on its lien, thereby creating a 'wash,' but that is not the only inference. This record—viewed, we emphasize, in favor of the nonmoving party—does not demonstrate that the court made a 'decision on a particular issue or determinative fact,' *North Clackamas School Dist.* [*v. White*, 305 Or 48, 53, 750 P2d 485 (1988)], involving the continuing validity of Eden Gate's alleged debt to D&L."

*Id.* at 623 (emphasis in original).

We also concluded that the Multnomah County judgment did not, as a matter of law, establish that Eden Gate did *not* owe any additional money to D&L. We reasoned that,

"although one inference flowing from the record is that the Multnomah County court's award to Eden Gate represents the court's decision to capture all of the various and conflicting debt claims into a single net award, there is no evidence to that effect in any of the court's letter opinions or its judgment."

_____

[1] We affirmed the judgment in the Multnomah County case. 178 Or App at 621.

*Id.* at 623-24. We noted that D&L's theory that, "in awarding the exact amount of the lien, [the Multnomah County court] intended a 'wash'—in which case Eden Gate would still *owe* to D&L the exact amount on the outstanding lien that Eden Gate had *received from* D&L in damages * * * is also plausible." *Id.* at 624 (emphasis in original). We then stated, "Further, on this record, the lien could be unrelated to the breach. Viewing the record in the light most favorable to D&L, then, we conclude that the Yamhill County court erred in granting summary judgment in favor of Eden Gate." *Id.*

On remand, the parties appeared for trial on D&L's claims. Before opening arguments, Eden Gate moved to dismiss the complaint on the ground that the Multnomah County case precluded D&L's claims. The trial court inquired whether, apart from the contract that was litigated in *Eden Gate I*, there were any alternative bases for the lien. D&L's counsel acknowledged that there were no other contracts between the parties. The court then ruled from the bench that the lien claim was precluded by the Multnomah County case. The court subsequently entered a judgment that included the following findings of fact and conclusions of law:

"1.    Plaintiff and defendant in this case are the same parties who participated in *Eden Gate, Inc. v. D&L Excavating and Trucking, Inc.*, Multnomah County Circuit Court Case No. 9806-04475 (hereafter 'Eden Gate [*MC*]'). *Eden Gate [MC]* arose out of a dispute concerning a contract dated December 8, 1997, ('Contract') between Eden Gate and D&L. *Eden Gate [MC]* resulted in a finding that D&L breached the Contract and in a judgment in favor of Eden Gate and against D&L;

"2.    The only written contract between D&L and Eden Gate was fully and conclusively litigated as the subject of *Eden Gate [MC]*;

"3.    D&L admitted that there are no other agreements of any kind or nature between it and Eden Gate, other than the Contract that was the subject of *Eden Gate [MC]*;

"4.    D&L admitted that no other work was performed or occurred outside the scope of the Contract that was the subject of the litigation in *Eden Gate [MC]*;

"5.   All issues and claims related to the parties' written Contract that were resolved by *Eden Gate [MC]*, and affirmed by the Court of Appeals in *[Eden Gate I]*, are binding and conclusive upon D&L and Eden Gate in the case at bar;

"6.   All of D&L's claims for any compensation in this action arise out of the work performed under the Contract litigated in *Eden Gate [MC]*. As such, the only agreement between these parties, oral or written, was fully and conclusively adjudicated in *Eden Gate [MC]*. In light of the judgment arising out of *Eden Gate [MC]*, in light of the opinion issued by the Court of Appeals in *[Eden Gate I]*, and because D&L admitted there were no other contracts of any kind or any other bases for compensation of any kind between it and Eden Gate, D&L's Breach of Contract and Account Stated claims in this case fail;

"7.   In light of the judgment rendered in *Eden Gate [MC]* and in light of D&L's admission that there are no other agreements of any kind between these parties and that there are no other bas[e]s for any compensation between these parties, this Court finds that Eden Gate was not unjustly enriched, therefore, D&L's claim for Unjust Enrichment fails;

"8.   D&L admitted that it had not entered into any agreements or contracts of any kind with Eden Gate that could form the basis for or support any construction lien, or foreclosure of any construction lien, other than the Contract that was fully adjudicated in *Eden Gate [MC]*. As such, D&L's construction lien fails because D&L cannot make a true and accurate statement of demand as required by ORS chapter 87 *et seq.* Further, based upon D&L's admissions that there are no other contracts or agreements of any kind between these parties, this Court finds that D&L's only support for its Construction Lien was the Contract that was fully and completely adjudicated in *Eden Gate [MC]*. D&L does not have any other basis upon which to assert any construction lien, therefore D&L's construction lien is disallowed in its entirety."

On appeal, D&L contends that the trial court essentially disregarded our holding in *Eden Gate I*. According to D&L, we held in *Eden Gate I* that the record before the trial court was inconclusive as to whether the issue of D&L's debt on the contract had been litigated in the Multnomah County

case and that summary judgment under ORCP 47 was therefore improper. After the case was remanded, D&L argues, the trial court, "without admitting any new evidence, once again found that [the Yamhill County case] was precluded by the Multnomah County judgment." D&L argues that the trial court erred in determining that the issue of Eden's Gate's debt to D&L had been decided by the Multnomah County court when the "identical record before the Court of Appeals had not demonstrated any such decision."

We agree with D&L that the trial court erred in dismissing its claims on the ground of preclusion. The basis of our holding in *Eden Gate I* was that, on the record below, we *could not tell* whether the issue of Eden Gate's obligations to D&L on the contract had been fully and conclusively litigated. 178 Or App at 623-24. We found that there were at least two competing possibilities with regard to the scope of the matters litigated: the Multnomah County court may have intended to capture any conflicting debt claims on the contract in a single award, or the court may have intended to leave D&L's entitlement under the contract to be litigated in Yamhill County, whereby Eden Gate could still *owe* D&L on the contract. Nothing that occurred on remand resolved those competing possibilities.

The statements by D&L's counsel on remand that there were no additional contracts between the parties, and the trial court's findings to that effect, did not settle the disputed factual issue that we identified in *Eden Gate I*. Even if the only contract between the parties is the contract that was the subject of the litigation in the Multnomah County case, the fact remains that we cannot tell from the record whether the trial court intended to resolve the question of the debt, if any, owed by Eden Gate to D&L *under that contract*. Thus, as in *Eden Gate I*, we still cannot tell from this record whether the amount owing on the contract was a fact that was essential to the judgment in the Multnomah County case and, therefore, of preclusive effect in this case. Accordingly, the trial court erred in dismissing plaintiff's claims on the ground of preclusion when competing possibilities regarding the scope of the issues litigated in the Multnomah County case still exist.

D&L also argues that the trial court erred in awarding attorney fees to Eden Gate. Because we conclude that the trial court erred in dismissing D&L's claims, and the case must be remanded, the award of attorney fees must be reversed. ORS 20.220(3). Accordingly, we do not address D&L's arguments concerning attorney fees.

Judgment reversed and remanded; supplemental judgment for attorney fees and costs reversed.